THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 John
 Williamson, III and Kathryn J. Williamson, Appellants,
 v.
 The County of
 Orangeburg, Respondent.
 
 
 

Appeal From Orangeburg County
 Olin D. Burgdorf, Master-in-Equity
Unpublished Opinion No. 2011-UP-052
Heard November 3, 2010  Filed February
 10, 2011    
AFFIRMED

 
 
 
 Wm. Howell Morrison and Phyllis W. Ewing, both of Charleston; for
 Appellants.
 D'Anne Haydel and Paul D. de Holczer, both
 of Columbia; for Respondents.
 
 
 

FEW, C.J.: The Williamsons challenged Orangeburg
 County's decision to condemn their property on the South Fork of the Edisto
 River for use as a public boat landing pursuant to section 4-9-30(4) of the
 South Carolina Code (Supp. 2010).  The master-in-equity upheld the County's
 decision.  The Williamsons appeal (1) the exclusion of newspaper articles from
 evidence and (2) the master's condemnation decision.  We affirm.
I.  Admissibility
 of Newspaper Articles
"The admission of evidence is a matter
 left to the discretion of the trial judge and will not be disturbed on appeal absent an abuse of discretion."  Historic
 Charleston Holdings, LLC v. Mallon, 381 S.C. 417, 434, 673 S.E.2d 448, 457
 (2009).  "An abuse of discretion occurs when the ruling is based on an
 error of law or a factual conclusion that is without evidentiary support.      . . . To warrant reversal based on the admission
 or exclusion of evidence, the appellant must prove both
 the error of the ruling and the resulting prejudice    . . . ."  Fields v. Reg'l Med. Ctr.
 Orangeburg, 363 S.C. 19, 26, 609 S.E.2d 506, 509 (2005) (internal citations
 omitted).
The Williamsons
 contend the master erred in excluding three newspaper articles from evidence that
 contained statements of county employees.  They argue the articles are not
 hearsay because they were not offered for their truth, but rather as proof that
 the County acted in bad faith and abused its discretion in deciding to condemn
 their property.  Hearsay is an out-of-court statement offered to prove the
 truth of the matter asserted.  Rule 801(c), SCRE.  This case presents us with a
 double hearsay situation.  To illustrate, "(county employee statements)"
 are the first level of hearsay and "The witness said . . ." is the
 second level of hearsay.[1]  
Consequently, for the
 newspaper articles to be admissible, after determining whether each level is
 actually hearsay, we must assess whether each level falls within an exception
 to the hearsay rule.  See Bain v. Self Mem'l Hosp., 281 S.C. 138,
 145, 314 S.E.2d 603, 608 (Ct. App. 1984) ("[T]he general rule is that
 hearsay included within hearsay is not excluded if each part of the combined
 statements falls within some exception.").  The actual out-of-court
 statements made by county employees concerning the condemnation decision are
 the first level, and we conclude are not hearsay because they are admissions by
 a party opponent under Rule 801(d)(2)(A), (C), or (D), SCRE.  The second level
 is the statement by the newspaper asserting that a witness made a statement;
 therefore, these are offered to prove the truth of the matter asserted and
 constitute hearsay.  Because they do not fall within any hearsay exception, the
 master was correct to exclude them.
II.  The
 Condemnation Decision
The Williamsons
 contend the County abused its discretion in determining that it needed a boat
 landing on the South Fork of the Edisto River and that it acted in bad faith.  "[T]he
 decision of the question of necessity lies with the one to whom the state has
 delegated the authority to take property for a public use and is not subject to
 review by the court in the absence of fraud, bad faith, or abuse of
 discretion."  Atkinson v. Carolina Power & Light Co., 239 S.C.
 150, 158-59, 121 S.E.2d 743, 747 (1961).  Accordingly, judicial review of a
 legislative condemnation decision such as the one in this case is deferential. 
 However, our review of the circuit court's decision is not deferential.  See Fox v. Moultrie, 379 S.C. 609, 613, 666 S.E.2d 915, 917 (2008) ("In
 an action in equity,
 tried with reference to a master, this Court reviews the
 evidence and determines the facts according to its own view of the
 preponderance of the evidence . . . .").  In this
 case, the County conducted a survey to assess need and location preference and
 chose a boat landing which already existed, had been regularly utilized by its
 citizens for thirty years, could be put to use immediately, and presented
 minimal costs.  We give due deference to the County's decision to condemn and
 find that it neither abused its discretion nor acted in bad faith.    
AFFIRMED.
SHORT and
 WILLIAMS, JJ., concur.

[1] For example, one statement from an article was:
 "But Haydel said the law gives public bodies, such as council, the right
 to take private property as long as it is for public use."